UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

UNITED STATES OF AMERICA,

    -against-

JOSUE ESCOBAR,

         Defendant.

-------------------------------------------------------------X

ORDER
15-CR-489 (JFB)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ OCT 06 2021 ★
LONG ISLAND OFFICE

JOSEPH F. BIANCO, Circuit Judge (sitting by designation):

On July 21, 2016, defendant Josue Escobar pleaded guilty to Counts One and Two of the Indictment, charging him with possession with intent to distribute cocaine and ethylone, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and possession of a firearm in furtherance of drug trafficking, in violation of 18 U.S.C. § 924(c)(1)(A)(i). Dkt. Nos. 1, 48. On June 6, 2017, the Court sentenced the defendant to 81 months' imprisonment and 5 years' supervised release with special conditions. Dkt. No. 48.

On April 29, 2021, the Court received the defendant's motion for a modification of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). Dkt. 50 ("Def. Mot.") at 1. The defendant seeks a reduction of his sentence to time served or, alternatively, for the remaining period of his imprisonment to be modified to supervised release with home confinement. *Id.* The defendant bases his argument on his underlying medical condition and the impact of the COVID-19 pandemic on his confinement. *Id.* at 1–2. The government filed its opposition to the motion on June 17, 2021. Dkt. 54 ("Gov't Opp'n") at 1. The defendant did not file a reply.

For the reasons set forth below, the defendant's motion is denied.

I.  **Applicable Law**

As a threshold matter, a defendant may only file a motion for compassionate release after he or she has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). A *pro se* movant's submission "must be construed liberally and interpreted to raise the strongest arguments that [it] suggest[s]." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (emphasis and internal quotation marks omitted). The defendant, however, "still bears the burden of demonstrating that his release is justified under Section 3582(c)(1)(A)." *United States v. Harrison*, No. 14 CR. 167, 2021 WL 1144820, at *1 (S.D.N.Y. Mar. 24, 2021); *see also United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992).

Under Section 3582(c)(1)(A)(i), district courts have the discretion to grant compassionate release where there are "extraordinary and compelling reasons" to do so. 18 U.S.C. § 3582(c)(1)(A)(i). When making this decision, "district courts [may] consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release." *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020); *see also id.* at 236 ("Because Guideline § 1B1.13 is not applicable to compassionate release motions brought by defendants, Application Note 1(D) cannot constrain district courts' discretion to consider whether any reasons are extraordinary and compelling." (internal quotation marks omitted)).

Courts must also "consider[] the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). A court "may deny" a compassionate release motion, "[e]ven if extraordinary and compelling reasons exist . . . 'if, in its discretion,

2

compassionate release is not warranted because Section 3553(a) factors override, in any particular case, what would otherwise be extraordinary and compelling circumstances.'" *United States v. O'Neil*, No. 17-cr-00444, 2021 WL 1616915, at *1 (E.D.N.Y. Apr. 26, 2021) (quoting *United States v. Davies*, No. 17-CR-57, 2020 WL 2307650, at *2 (E.D.N.Y. May 8, 2020)).

## II. Discussion

Here, the parties do not dispute that the defendant exhausted his administrative remedies. The defendant filed an initial petition for compassionate release with the Warden at United States Penitentiary, Lewisburg ("USP Lewisburg") on March 16, 2021. Def. Ex. B. The Warden denied the petition on March 26, 2021. *Id.* The defendant subsequently filed the instant motion before the Court on April 29, 2021. *See* Def. Mot. at 1. The defendant has thus satisfied the exhaustion requirement.

The defendant, however, has failed to demonstrate any "extraordinary and compelling reasons" justifying his compassionate release, even when considering the impact of the COVID-19 pandemic. The defendant contends that his obesity constitutes "a COVID-19 Elevated Risk Factor[]," and that the current conditions at USP Lewisburg prevent him both from ameliorating this risk factor and from practicing social distancing and self-isolation. Def. Mot. at 7–8, 10–11. The Court finds these arguments unpersuasive.

First, the defendant has been fully vaccinated against COVID-19; his medical records reflect that he has received both doses of the Pfizer vaccine. *See* Def. Mot. at 2; Gov't Ex. A. Although the defendant argues for the necessity of additional "booster shots," *see* Def. Mot. at 2, the CDC states that the currently authorized vaccines "continue to be effective at reducing risk of severe disease, hospitalization, and death." *See Who Is Eligible for a COVID-19 Vaccine Booster Shot?*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-

3

ncov/vaccines/booster-shot.html (last updated Sept. 30, 2021). The CDC also states, however, that "people aged 18–64 years who are at increased risk for COVID-19 exposure and transmission because of . . . institutional setting," including those who "reside in . . . correctional facilities," are eligible to "get a booster shot after considering their individual risks and benefits," so there is no indication that a booster shot would not be made available to the defendant if he wants one and a physician agrees. *Id.*; *see also United States v. Jones*, No. 17 CR 214, 2021 WL 4120622, at *2 (S.D.N.Y. Sept. 9, 2021) ("As several courts have concluded, the risk of COVID-19 for a vaccinated individual is substantially reduced to the point that a defendant will typically not be able to demonstrate extraordinary and compelling reasons after he has been vaccinated."); *United States v. Naut*, No. 18 CR. 219-3, 2021 WL 3115812, at *2 (S.D.N.Y. July 22, 2021) (finding that fully vaccinated USP Lewisburg inmate failed to show extraordinary and compelling reasons warranting release, since he "now has significant protection against serious illness or death should he contract COVID-19" (quoting *United States v. Diaz*, No. 19 Cr. 65, 2021 WL 2018217, at *1 (S.D.N.Y. May 20, 2021))).

Additionally, as the government observes, the defendant's most recent medical records indicate that his BMI places him in the CDC's "overweight" category rather than the "obese" category. *See* Gov't Opp'n at 4–5; Gov't Ex. A. Although the defendant's medical records indicate that he has also suffered from several other minor medical conditions, the CDC does not consider any of these conditions to be an increased risk factor for contracting COVID-19. *See* Gov't Ex. A; *see also People with Certain Medical Conditions*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated Aug. 20, 2021). Furthermore, despite the defendant's allegations that conditions at USP Lewisburg force him to live in a "'super spreader' [sic] setting"

4

and that staff members there are not following safety protocols, as of October 6, 2021, USP Lewisburg has no active COVID-19 cases among its staff members or inmate population. *See COVID-19 Cases,* Federal Bureau of Prisons, https://www.bop.gov/coronavirus (last visited Oct. 6, 2021); Def. Mot. at 1–2, 6–7, 10–11.[1]

In sum, the Court concludes that the defendant has failed to demonstrate that his medical condition or UPC Lewisburg's management of its pandemic response constitute "extraordinary and compelling reasons" for his release under the current circumstances. 18 U.S.C. § 3582(c)(1)(A)(i).[2]

Indeed, even assuming *arguendo* that the defendant had demonstrated extraordinary and compelling reasons for compassionate release under Section 3582(c)(1)(A) based upon any of the grounds he asserts, the Court would still deny the defendant's motion because the Section 3553(a)

---

[1] The defendant presents no evidence to support his allegations that USP Lewisburg is attempting to "deceive" the public in underreporting the number of active COVID-19 cases at the penitentiary. Def. Mot. at 7.

[2] The defendant also argues that the Bureau of Prisons ("BOP") failed to properly credit him for the time he spent in state custody, and that this failure constitutes an extraordinary and compelling reason warranting his release. Def. Mot. at 8–9. As a threshold matter, this type of challenge is properly brought under 28 U.S.C. § 2241, *see Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) ("A writ of habeas corpus under § 2241 is available to a federal prisoner who does not challenge the legality of his sentence, but challenges instead its execution subsequent to his conviction."), after exhaustion of the issue with the BOP, *see United States v. Pineyro*, 112 F.3d 43, 45–46 (2d Cir. 1997). Thus, courts have rejected attempts to litigate this issue in a compassionate release motion. *See, e.g., United States v. Hairston*, 12-20423, 2021 WL 1978577, at *4–6 (E.D. Mich. May 17, 2021) (finding that a discrepancy in the calculation of time spent in state custody did not constitute an extraordinary and compelling reason justifying compassionate release, and also noting that such a "request is more appropriately presented as a petition for a writ of habeas corpus under 28 U.S.C. § 2241 because [defendant] essentially is requesting relief from the execution of a federal sentence" (internal quotation marks omitted)). Moreover, a Section 2241 petition must be brought in the judicial district with jurisdiction over the inmate's current custodian and, because the defendant is in custody in Pennsylvania, this Court would have no jurisdiction over such a petition. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434–35, 442–43 (2004). In any event, as the government sets forth, the BOP properly credited the defendant for the time he spent in state custody on an unrelated state case and, therefore, the defendant has failed to demonstrate any computation error. *See* Gov't Opp'n at 21; *see also United States v. Shannon*, 14-CR-6136-FPG, 2021 WL 1807867, at *2 (W.D.N.Y. May 6, 2021) (holding that an ultimately corrected error in crediting defendant's time spent in state custody "is not sufficiently compelling to warrant early release" pursuant to compassionate release motion). In short, the challenge to his sentencing credits does not provide an extraordinary and compelling reason for his release.

factors weigh overwhelmingly against his release. In particular, the defendant was convicted of possession with intent to distribute cocaine and ethylone, and possession of a firearm in furtherance of drug trafficking. The defendant sold drugs from the residence where his family, including his fifteen-month-old son, lived; at this residence, Glen Cove Police Department officers recovered a loaded firearm, 48 grams of cocaine, 73 grams of ethylone, more than $42,000 in United States currency, and drug packaging materials and scales. *See* Gov't Opp'n at 3. As the Court noted at sentencing, 81 months' imprisonment is necessary to adequately "reflect the seriousness of the offense, to promote respect for the law, to provide a just punishment for the offense, to afford adequate deterrence to criminal conduct and to protect the public from further crimes," and the Court's view as to the importance of those factors has not changed. Sentencing Tr. at 14 (citing 18 U.S.C. § 3553(a)). To date, the defendant has only served approximately 75 percent of the sentence imposed by the Court. *See* Gov't Opp'n at 20; Gov't Ex. B. His release at this juncture would not adequately reflect the seriousness of his criminal conduct or the harm caused by that conduct, nor would it sufficiently protect society or afford adequate deterrence to the defendant and others who are engaged in this type of criminal conduct.

Accordingly, for the reasons stated above, the Court, in its discretion, denies the defendant's motion. The Clerk of the Court shall mail a copy of this Order to the defendant.

SO ORDERED
/s/Joseph F. Bianco

JOSEPH F. BIANCO
UNITED STATES CIRCUIT JUDGE
(sitting by designation)

Dated: October 6, 2021

Central Islip, New York

6